IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                CIV 03-1435 LH/KBM
                                                   CR 00-1152 LH

RAFER M. HARRISON,

    Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND ORDER DENYING IFP STATUS AS MOOT

    This matter is before the Court on Rafer Harrison's motion for habeas relief under 28 U.S.C. § 2255. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that he is not entitled to relief, I find that an evidentiary hearing is not necessary. *E.g., § 2255;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

    The claims Harrison raises are straightforward and the response brief of the United States is particularly thorough. Having considered the arguments, pleadings, and relevant law, and for the all of reasons set forth in the United States' response, I find the motion is not well-taken and recommend that it be denied. I will not reiterate in detail what the parties have presented and instead will confine my remarks to three supplemental points.

    **Venire.** Harrison asserts a violation of his Sixth Amendment right to a fair cross-section of the jury because only one Native American was among the forty-member venire from which his

jury was selected. Other such challenges to this District's jury selection procedures have failed. *See United States v. Gault,* 141 F.3d 1399, 1402-03 (10th Cir. 1998); *United States v. Yazzie,* 660 F.3d 422, 427 (10th Cir. 1981); *see also United States v. Haworth,* CIV 95-491 LH (memorandum opinion entered 11/21/96).

As in another decision from this District, here Movant's claim is "based solely on the absence of [Native Americans] from [his] particular venire without reference to whether such a result was a statistical anomaly or a systematic practice." *Splain v. Newton,* 1998 WL 646491 at *1 (10th Cir. 1998). Furthermore, the 1999 Albuquerque/Santa Fe Qualified Juror Wheel from which his venire was drawn shows that Native Americans are not "systematically excluded" from the jury selection process. *See JS-12 Report 1999.* Simply put, Harrison fails to even allege the necessary three elements that would make out a viable claim for such a Sixth Amendment violation. *See United States v. Shinault*, 147 F.3d 1266, 1271 (10th Cir. 1998) (setting out the elements).

**Speedy Trial.** Harrison was arrested in July 2000, and trial was originally set in November 2000. Approximately three weeks before trial, Harrison retained attorney Shannon Robinson who was then substituted for the appointed federal public defender. One week after the motion to substitute was granted, Robinson moved for a continuance of the trial. Movant's motion was granted and trial rescheduled for January 16, 2001. The trial took place on that day following resolution of, among other things, motions filed by Harrison's new attorney. *See United States v. Harrison,* CR 00-1152 (*Docs. 21-26, 27, 29, 40, 45*).

Movant alleges that Robinson was ineffective in failing to move to dismiss the indictment for a violation of the Speedy Trial Act. Harrison argues that when his request to continue the trial

for just twenty-four days was granted, the court's order did not recite the "ends of justice" findings needed to toll the speedy trial clock. *See e.g. United States v. Pasquale*, 25 F.3d 948, 952 (10th Cir.1994) (holding on appeal that defendant's "motion for a continuance does not constitute a waiver of the Act, as any '"waiver' by the Defendant is necessarily invalid unless the court simultaneously makes 'ends of justice findings.'").

Yet even if there were a ***statutory*** violation of the Speedy Trial Act, Harrison does not and could not claim that the seven-month delay between arrest and trial violated his ***constitutional*** right to a speedy trial. That is because seven months constitutes a short delay insufficient to establish presumptive prejudice. *See United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir.1994). Alternatively, the switch in counsel occasioned the delay, and there is an utter lack of asserted or actual prejudice due to the delay.[1] *E.g., Doggett v. United States,* 505 U.S. 647, 651-52 (1992); *Castro v. Ward,* 138 F.3d 810, 819 (10th Cir.), *cert. denied,* 525 U.S. 971 (1998). Given the magnitude of the sentence Harrison received - 324 months incarceration on Count I alone on his conviction for aggravated sexual child abuse - it is absurd to think a such a short delay in proceeding to trial would have resulted in dismissal of the indictment with prejudice.

Since the delay caused by the continuance was not prejudicial, violation of the Speedy Trial Act alone is not cognizable under § 2255 because it does not "result in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) ("an error of law [or fact] does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect

---

[1] Mere passage of time does not give rise to a violation of the Constitutional right to a speedy trial. *See United States v. Brown,* 600 F.2d 248, 254 (10th Cir.) (holding that "the contention that he was deprived of his Sixth Amendment right to a speedy trial is not meritorious since it was *attributable to efforts by the appellant* to delay the proceedings so that he could defend himself") (emphasis added), *cert. denied,* 444 U.S. 917 (1979).

which inherently results in a complete miscarriage of justice,'" quoting *Hill v. United States,* 368 U.S. 424, 428, (1962)); *see also, e.g., United States v. Blackwell,* 127 F.3d 947, 954 (10th Cir. 1997).  Instead, the only constitutional basis for the claim is ineffectiveness, and it fails for the reasons provided by the United States.

**Failure To Make An Opening Statement.**  Harrison contends argues that counsel was ineffective by waiving opening statement at the beginning of the case and then failing to make one prior to the first defense witness.  "The failure to present an opening statement itself is not ineffective assistance."  *United States v. Haddock,* 12 F.3d 950, 955 (10th Cir. 1993); *see also Moss v. Hofbauer,* 286 F.3d 851, 863-64 (6th Cir. 2002).  Further, Harrison's conclusory allegation fails to "articulate how an opening statement would have created a reasonable probability of a different verdict, [and therefore fails] to satisfy the prejudice prong of *Strickland*."  *Beans v. Nelson,* 2002 WL 1496919 (D. Kan. 2002) (citing *Haddock* and *Moss*).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 Motion *(Doc. 1)* be **denied**.

**IT IS FURTHER ORDERED** that Harrison's motion to proceed *in forma pauperis (Doc. 2)* be **denied as moot**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE