IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. CV 03-1435 LH/KBM
                                               CR 00-1152 LH

RAFER HARRISON,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion in Nature of Your F.R.C.P. 60(B)(3)(6) and 12(b)(1)(2)(3) and (7) filed August 3, 2009 (CV Doc. 29; CR Doc. 88). Defendant asserts a number of claims against the judgment that the Court entered in this criminal proceeding on July 12, 2001. The Court of Appeals for the Tenth Circuit affirmed Defendant's conviction on July 18, 2002, *see United States v. Harrison*, 296 F.3d 994, 1008 (10th Cir. 2002), and on January 13, 2003, the Supreme Court denied his petition for writ of certiorari, *see Harrison v. United States*, 537 U.S. 1134 (2003) (mem.). For relief, Defendant asks the Court to void his judgment and release him from unlawful custody.

       Defendant's primary assertion is that the Court lacked subject matter jurisdiction of the criminal proceeding against him. He styles his pleading as a motion under rules 60(b) and 12(b) of the Federal Rules of Civil Procedure. An attack on a criminal conviction, however, may not be prosecuted under civil procedural rules, *see Grene v. United States*, 448 F.2d 720, 721 (5th Cir. 1971); *United States v. Wallace*, No. 03-1405, 2003 WL 22927345, at **1 (1st Cir. Dec. 11, 2003), and the terms of 28 U.S.C. § 2255 provide the exclusive avenue for challenging a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973);

*Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus").[1] Defendant's pro se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). The Court concludes that § 2255 is not inadequate or ineffective, *see Williams*, 323 F.2d at 673, and Defendant may attack his conviction and sentence only in a motion under § 2255.

Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255. In this circumstance, the Court may recharacterize Defendant's motion as a § 2255 motion if certain conditions are met.

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).

On the other hand, the Court is not required to recharacterize every claim that is incorrectly filed under a statute or rule other than § 2255. *See, e.g., Hagin v. Oklahoma*, 138 F. App'x 110, 111 (10th Cir. 2005) (upholding district court's refusal to construe an application as a § 2254 petition); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (same for § 2255 motion); *Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody, *see United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

Cir.2003). Defendant's conviction became final in 2003 when the Supreme Court denied certiorari, *see United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000), and it appears that he filed this motion long after the one-year limitation period in § 2255. Furthermore, he has previously filed a § 2255 motion. The Court need not recharacterize a motion that is clearly barred as untimely or successive. *See Valadez-Camarena*, 402 F.3d at 1261 (holding that a district court does not abuse its discretion in declining to recast pleadings as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255' "). The Court declines to recharacterize Defendant's motion as a § 2255 proceeding, and the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion in Nature of Your F.R.C.P. 60(B)(3)(6) and 12(b)(1)(2)(3) and (7) filed August 3, 2009 (CV Doc. 29; CR Doc. 88), is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE